UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x
JASON CRUSHSHON,
                        Plaintiff
    -against-                               COMPLAINT
                                            AND JURY DEMAND

                                            No. 1:15-cv-02042-CBA-RER

THE CITY OF NEW YORK, and POLICE
OFFICERS EDUARDO CORNEJO, ANDREW HO
ARGELIS RODRIGUEZ, TERRENCE HOWARD,
MICHAEL IOVINE, JAMAAL MILLER, DAVID
LEONARDI and POLICE OFFICER JOHN DOE
#1 through 4 of the NEW YORK CITY POLICE
DEPARTMENT

                    Defendant(s),
_____x

## PRELIMINARY STATEMENT

    1.    This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER JOHN DOE AND JANE DOE and EDUARDO CORREJO of the New York City Police Department ("NYPD"), arising out of the false arrest and false imprisonment, assault and battery and use of excessive force against JASON CRUSHSHON.

    2.    On or about June 29, 2012, POLICE OFFICERS JOHN DOE # 1 through 4 of the NYPD, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, and assault and battery for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and her property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

    3.    On February 6, 2014 POLICE OFFICERS EDUARDO CORNEJO, ANDREW HO, ARGELIS RODRIGUEZ, TERRENCE HOWARD, MICHAEL IOVINE, JAMAAL MILLER, DAVID LEONARDI of the NYPD and other members

of the NYPD acting under the color of state law, intentionally and willfully subjected plaintiff to, inter alia, assault and battery and use of excessive force against the plaintiff.  This unconstitutional use of excessive force was in violation of plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

4. The Plaintiff, JASON CRUSHSHON, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

5. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

6. The amount in controversy exceeds $75,000.00 excluding interest and costs.

7. Venue is laid within the United States District Court for the Eastern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Eastern District of New York, particularly Kings County.

## PARTIES

8. Plaintiff at all times relevant hereto resided in the City and State of New York, County of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

10. The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

11. That at all times hereinafter mentioned, and on information and belief, the defendant POLICE OFFICERS JOHN DOE # 1 through 4, including POLICE OFFICERS EDUARDO CORNEJO, ANDREW HO, ARGELIS RODRIGUEZ, TERRENCE HOWARD, MICHAEL IOVINE, JAMAAL MILLER, DAVID LEONARDI and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

12. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

13. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

14. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

15. On or about June 30, 2012, at approximately 1 a.m., plaintiff was with a group of people in the vicinity of Lexington and Franklin Avenues, Brooklyn, NY when he was approached by approximately four NYPD police officers, including JOHN DOE # 1 through 4 who were in uniform.

16. After approaching plaintiff the police, without explanation, threw plaintiff to the ground whereupon they punched and kicked him.

3

17. As a result of this attack, plaintiff lost a tooth, received a laceration to his right arm, scrapes to the left side of his torso, pain to his back and left hip as well as bruising to his entire body.

18. Plaintiff was then handcuffed and taken to the 88th precinct.

19. From the 88th precinct plaintiff was taken to the Brooklyn Hospital Center where he received treatment for his injuries.

20. Plaintiff was then brought back the 88th precinct.

21. Plaintiff was then taken to Kings County Central Booking located at 120 Schermerhorn Street where he was released approximately four days after being arrested.

22. At no time was the plaintiff charged with any crime.

23. To date the plaintiff is still missing a tooth as a result of the excessive force used by the defendants.

24. Plaintiff suffered emotional distress, including nightmares, because of his arrest and detention.

25. Because of defendants' conduct, plaintiff was imprisoned, detained, restrained and against his will and was unlawfully deprived of his liberty and property.

26. The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

27. The plaintiff remained in custody for approximately four days.

28. Defendants acted maliciously and intentionally.

29. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, loss of liberty and property and physical injury.

30. On February 6, 2014 at approximately 8:10 p.m. in the vicinity of Lafayette Avenue and Bedford Avenue, Brooklyn, NY plaintiff was arrested for Criminal Sale of a Controlled Substance in the Third Degree.

31. Unprovoked, members of the NYPD including POLICE OFFICER EDUARDO CORNEJO, ANDREW HO, ARGELIS RODRIGUEZ, TERRENCE

HOWARD, MICHAEL IOVINE, JAMAAL MILLER, DAVID LEONARDI tackled plaintiff to the ground whereupon they proceeded to kick and punch him resulting in a laceration to plaintiff's right side of his head and swelling and abrasions to his left eyebrow area.

32.     The police then handcuffed plaintiff so tightly that he received pain to his wrists.

33.     Following his arrest plaintiff was taken on a stretcher to Woodhull Medical and Mental Health Center.

34.     As a result of his injuries plaintiff received 5 stitches to his head.

35.     After plaintiff was released from Woodhull Hospital on February 7th, 2014 plaintiff was taken to Kings County Central Booking.

36.     On February 11, 2014 plaintiff pleaded guilty to Criminal Possession of a Controlled Substance in the Third Degree.

## FIRST CLAIM FOR RELIEF
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

37.     Paragraphs 1 through 36 are herein incorporated by reference.

38.     Defendants JOHN DOE# 1 through 4 and POLICE OFFICERS EDUARDO CORNEJO, ANDREW HO, ARGELIS RODRIGUEZ, TERRENCE HOWARD, MICHAEL IOVINE, JAMAAL MILLER, DAVID LEONARDI of the NYPD subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

39.     Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

40.     As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

5

  A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

  B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

  C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
(MUNICIPAL LIABILTY)

  41. Paragraphs 1 through 40 are incorporated herein by reference.

  42. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

  43. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

  44. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

  45. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

  46. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

  47. Defendants subjected plaintiff to false arrest and false imprisonment.

48. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(FOURTH AMENDMENT)

49. Paragraphs 1 through 48 are incorporated herein by reference.

50. Defendant POLICE OFFICERS JOHN DOE # 1 through 4 and POLICE OFFICERS EDUARDO CORNEJO, ANDREW HO, ARGELIS RODRIGUEZ, TERRENCE HOWARD, MICHAEL IOVINE, JAMAAL MILLER, DAVID LEONARDI of the NYPD arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

51. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

52. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
(FOURTEENTH AMENDMENT)

53. Paragraphs 1 through 52 are incorporated herein by reference.

54. Defendants POLICE OFFICERS JOHN DOE# 1 through 4 and POLICE OFFICERS EDUARDO CORNEJO, ANDREW HO, ARGELIS RODRIGUEZ, TERRENCE HOWARD, MICHAEL IOVINE, JAMAAL MILLER, DAVID LEONARDI of the NYPD illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

55. That as a result of the foregoing, the plaintiff has been deprived of her following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the

right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

56.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
(EXCESSIVE FORCE)

57.    Paragraph 1 through 56 are herein incorporated by reference.

58.    Defendants in beating plaintiff on two separate occasions subjected him to excessive force.

59.    Defendants deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

60.    As a result of the excessive force used against the plaintiff, plaintiff was damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants jointly and severally as follows:

    A.    In favor of the plaintiff in the amount of Five Hundred Thousand($500,000.00) Dollars:

    B.    Awarding plaintiff punitive damages in the amount of Five Hundred Thousand ($500,000.00) Dollars:

    C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff demands a jury trial.

Dated: New York, New York
       January 22, 2016

                            BROMBERG LAW OFFICE, P.C.

                            <u>/s/ Jonathan R. Miller</u>
                      By:    Jonathan R. Miller
                            One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Telephone: (212) 248-7906

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373

10